No. 13-255

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

STATE OF WEST VIRGINIA, EX REL. PATRICK MORRISSEY, ATTORNEY GENERAL,

*Plaintiff-Respondent,*

v.

PFIZER INC., PFIZER IRELAND PHARMACEUTICALS, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY, LLC, RANBAXY INC., RANBAXY PHARMACEUTICALS, INC., AND RANBAXY LABORATORIES LIMITED,

*Defendants-Petitioners.*

On Petition to Appeal from the United States District Court for the Southern District of West Virginia, Huntington Division, Case No. 3:13-cv-02546, District Judge Robert C. Chambers

**PETITIONERS' MOTION TO HOLD IN ABEYANCE CONSIDERATION OF PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1453(c)(1) PENDING UNITED STATES SUPREME COURT'S RULING IN A RELATED CASE**

David Allen Barnette (WV Bar No. 242)
**Jackson Kelly PLLC**
P.O. Box 553
Charleston, WV 25322
304.340.1327/304.340.1380 (*facsimile*)
*Counsel for Ranbaxy Pharmaceuticals, Inc., Ranbaxy Laboratories Limited, and Ranbaxy Inc.*

Paula L. Durst (WV Bar No. 5805)
Bruce M. Jacobs (WV Bar No. 6333)
**Spilman Thomas & Battle, PLLC**
Post Office Box 273
Charleston, WV 25321
304.340.3834/ 304.340.3801 (*facsimile*)
*Counsel for Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, and Warner-Lambert Company LLC*

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS ...................................................................................2

ARGUMENT ........................................................................................................4

    I.    THIS COURT IS AUTHORIZED TO HOLD IN ABEYANCE ITS DECISION ON THE PETITION ............................................................4

    II.    THIS ACTION SHOULD BE HELD IN ABEYANCE BECAUSE THE SUPREME COURT WILL DECIDE AN ISSUE CENTRAL TO THE QUESTION OF WHETHER CAFA JURISDICTION EXISTS IN THIS CASE .......................................................................................6

    III.    AN ABEYANCE PENDING THE SUPREME COURT'S DECISION WILL PREVENT SUBSTANTIAL PREJUDICE TO PETITIONERS, CAUSE NO HARM TO RESPONDENT, AND SERVE THE PUBLIC INTEREST ......................................................................................8

CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*AU Optronics Corp. v. South Carolina*, 699 F.3d 385 (4th Cir. 2012) ........... 2, 5, 7, 8

*Bush v. Cheaptickets, Inc.*, 425 F.3d 683 (9th Cir. 2005) .............................................. 5

*Coll. Of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33 (1st Cir. 2009) ................................................................................................................ 4

*de Nobel v. Vitro Corp.*, 885 F.2d 1180 (4th Cir. 1989) ............................................... 6

*DiTolla v. Doral Dental IPA of N.Y., L.L.C.*, 469 F.3d 271 (2d Cir. 2006) ................ 4

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006) ..................................... 5

*Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675 (7th Cir. 2006) .................... 5

*Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) ......................................................... 4

*In re Lipitor Antitrust Litig.*, MDL No. 2332, No. 3:12-cv-2389 (D.N.J.) .................. 9

*In re Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 849 (6th Cir. 2012) ............... 4

*Johnson v. Advance Am.*, 549 F.3d 932 (4th Cir. 2008) .............................................. 6

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ................................................................. 4

*Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796 (5th Cir. 2012), *cert. granted*, 81 U.S.L.W. 3494 (U.S. May 28, 2013) .......................................... passim

*Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010) ..................... 5

*Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365 (5th Cir. 2006) ................................. 5

*Reid v. Johnson*, 105 F. App'x 500 (4th Cir. 2004) ..................................................... 6

*Reyes v. United States I.N.S.*, 141 F. App'x 96 (4th Cir. 2005) .................................. 6

*Standard Fire Ins. Co.*, 133 S. Ct. 1345 (2013) ........................................................ 11

*Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289 (7th Cir. 2010)**,** *vacated on other grounds by* 131 S. Ct. 3060 (2011) ................................................................ 9

*United States v. Hairston*, 96 F.3d 102 (4th Cir. 1996) .................................................. 6

*West Virginia ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169 (4th Cir. 2011) .... 5

*West Virginia ex rel. Morrisey v. Pfizer, Inc.*, No. 3:13-2546, 2013 U.S. Dist. LEXIS 69567 (S.D.W. Va. May 13, 2013) ........................................................... 8

## STATUTES AND RULES

28 U.S.C. § 1453(c) ..................................................................................... passim

West Virginia Antitrust Act, W. Va. Code §§ 47-18-1 *et seq.* ......................... 2, 7, 8, 9

## **INTRODUCTION**

Petitioners Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, Warner-Lambert Company, LLC ("Pfizer"), Ranbaxy Inc., Ranbaxy Pharmaceuticals, Inc., and Ranbaxy Laboratories Limited ("Ranbaxy," and with Pfizer, "Petitioners") respectfully move the Court to hold in abeyance consideration of their Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1453(c) (the "Petition") pending the ruling of the United States Supreme Court in a case closely related to this one, *Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796 (5th Cir. 2012), *cert. granted*, 81 U.S.L.W. 3494 (U.S. May 28, 2013) (No. 12-60704) ("*AU Optronics*"). In *AU Optronics*, the Supreme Court is poised to decide whether a *parens patriae* action brought by a state attorney general is removable under the Class Action Fairness Act of 2005 ("CAFA"), including whether the citizenship of individual citizens may be included for purposes of determining whether CAFA diversity jurisdiction exists in such cases.

Because the Supreme Court's decision in *AU Optronics* will likely have a significant, if not dispositive, impact on the ultimate question at the heart of this action, Petitioners respectfully request that this Court hold in abeyance its decision on the Petition, thereby conserving judicial resources as well as the time and resources of the parties to this action.

## **STATEMENT OF FACTS**

On January 2, 2013, the West Virginia Attorney General ("Respondent" or "Attorney General") commenced this purported *parens patriae* action in the Circuit Court of Mason County, West Virginia. Petitioners properly removed the action to the Southern District of West Virginia on February 13, 2013. On March 8, 2013, Respondent sought remand. *See* Petition, ECF No. 2, at 5. The district court granted Respondent's motion to remand on May 5, 2013, and on May 23, 2013, Petitioners timely filed their Petition asking this Court for permission to appeal the district court's remand order pursuant to CAFA. *See* 28 U.S.C. § 1453(c)(1). Respondent has until June 6, 2013 to respond to this Petition. *See* ECF No. 7. On May 28, 2013, after the Petition was filed, the United States Supreme Court granted a writ of *certiorari* in *AU Optronics*. *See* 81 U.S.L.W. 3494 (U.S. May 28, 2013) (No. 12-60704). A petition for *certiorari* seeking review of this Court's decision in *AU Optronics Corp. v. South Carolina*, 699 F.3d 385 (4th Cir. 2012) ("*AU Optronics II*"), was considered in parallel with the Fifth Circuit decision and is still pending before the Supreme Court. The district court's remand order relied on *AU Optronics II*, which presents the same issues as those in the Fifth Circuit *AU Optronics* decision.

As set forth in the Petition, CAFA jurisdiction exists over this action. First, this action is a "class action" under CAFA because the Attorney General brings

2

this action under the West Virginia Antitrust Act, W. Va. Code §§47-18-1 *et seq.* ("WVAA"), which provides the procedural protections required for a "class action," and because the Attorney General is an adequate representative that alleges the same injury (treble damages) as the individual citizens of West Virginia. Petition, at 6-12. Second, CAFA's minimal diversity requirements are met because the State is not the only real party-in-interest to this lawsuit; rather, West Virginia citizens are also real parties-in-interest whose citizenship should be counted for purposes of diversity jurisdiction. *Id.* at 12-17. Federal jurisdiction further exists here because the Attorney General's claims raise, and necessarily require resolution of, substantial questions of federal patent law. *Id.* at 17-20.

In *AU Optronics*, the Supreme Court will address the central CAFA issue at stake in this Petition: whether state attorneys general may elude CAFA jurisdiction simply by labeling their actions *parens patriae* actions. *AU Optronics*, 701 F.3d at 801. As here, *AU Optronics* involves a lawsuit brought in state court by an attorney general purportedly pursuant to statutory *parens patriae* authority under the state's antitrust and consumer protection acts. *See id.* at 799; Petition, at 3-4. Moreover, just as the Attorney General in this case lent his name to a private law firm's complaint (copied from the consolidated complaints in a pending federal multidistrict litigation), much of the complaint in *AU Optronics* is a copy of a previously filed federal complaint, one of dozens of identical class actions

3

including (as here), a consolidated MDL incorporating a class of the same citizens the Attorney General purports to represent. *See id.* at 2; Br. for Resps. at 8, *Mississippi ex rel. Hood v. AU Optronics Corp.*, No. 12-1036 (filed April 24, 2013).

## ARGUMENT

I. **THIS COURT IS AUTHORIZED TO HOLD IN ABEYANCE ITS DECISION ON THE PETITION**

Where, as here, Congress has not spoken to the contrary, this Court has inherent discretion to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (same). Under Fourth Circuit Local Rule 12(d), "[i]n the interest of docket control the Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal." *Id.*

The statutory time prescribed for deciding an appeal under CAFA in no way limits the exercise of this discretion. Pursuant to 28 U.S.C. § 1453(c)(2), a court must render judgment on an appeal brought under CAFA "not later than 60 days after the date on which such appeal was filed." *Id.* Every court of appeals to consider the issue has concluded that an appeal is deemed "filed" on the date the court of appeals issues an order *granting a petition for permission to appeal*. *See,*

4

*e.g.*, *In re Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012); *Coll. Of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 37 (1st Cir. 2009); *DiTolla v. Doral Dental IPA of N.Y., L.L.C.*, 469 F.3d 271, 273 (2d Cir. 2006); *Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365, 370 (5th Cir. 2006); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 678 (7th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1162 (11th Cir. 2006); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 685-86 (9th Cir. 2005).

This interpretation is borne out by the fact that Congress chose to require the filing of an "application" for permission to appeal, rather than a notice of appeal. 28 U.S.C. § 1453(c)(1). At the same time, Congress specified that the 60-day clock runs from the "date on which [the] appeal was filed," not the date on which the *application* was filed. 28 U.S.C. § 1453(c)(2).

Thus, just as CAFA gives this Court discretion *whether* to allow a petition for permission to appeal pursuant to 28 U.S.C. § 1453(c)(1), CAFA also gives this Court discretion as to *when* to allow such a petition. Indeed, the Fourth Circuit has exercised its discretion to rule on a petition for permission to appeal more than 60 days after the date on which the petition was filed. *See, e.g.*, *AU Optronics II*, 699 F.3d 385 (4th Cir. 2012) (petition filed Sept. 26, 2011; action deferred and Court issued decision – more than a year later – on October 25, 2012); *West Virginia ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169 (4th Cir. 2011) (petition filed

5

October 1, 2010; stay was granted and decision granting petition issued on March 14, 2011); *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010) (petition filed October 15, 2009; action deferred and decision issued March 25, 2010); *Johnson v. Advance Am.*, 549 F.3d 932 (4th Cir. 2008) (petition filed May 6, 2008; action deferred and decision granting petition issued October 30, 2008).

## II. THIS ACTION SHOULD BE HELD IN ABEYANCE BECAUSE THE SUPREME COURT WILL DECIDE AN ISSUE CENTRAL TO THE QUESTION OF WHETHER CAFA JURISDICTION EXISTS IN THIS CASE

The Supreme Court's resolution of the question presented in *AU Optronics* will likely significantly, if not dispositively, influence the ultimate CAFA question at the heart of the jurisdictional dispute in this case. An abeyance of the Petition pending that decision is therefore warranted. An abeyance will also avoid the expenditure of unnecessary financial and judicial resources. This Court routinely holds appeals and petitions in abeyance pending expected guidance from the Supreme Court. *See, e.g.*, *Reyes v. United States I.N.S.*, 141 F. App'x 96, 97 (4th Cir. 2005); *Reid v. Johnson*, 105 F. App'x 500, 502 (4th Cir. 2004); *United States v. Hairston*, 96 F.3d 102, 105 (4th Cir. 1996); *de Nobel v. Vitro Corp.*, 885 F.2d 1180, 1185 n.3 (4th Cir. 1989).

The Supreme Court granted *certiorari* in *AU Optronics* to resolve a split in authority over whether a *parens patriae* action brought by a state attorney general is removable as a CAFA "mass action." In reaching a decision on this issue, the

6

Supreme Court will necessarily have to decide the more fundamental question, whether "real parties in interest" should be identified "claim-by-claim" or based on a characterization of the "whole-case" for purposes of determining whether the citizenship of individual citizens can be counted to establish minimal diversity under CAFA. The claim-by-claim approach identifies the real parties in interest for each claim, including the monetary relief claims on behalf of particular citizens. *AU Optronics II*, 699 F.3d at 391. The whole-case approach identifies the real parties in interest by attempting to characterize the action as a whole based on the overall nature and effect of the action. *Id.* The Court's decision will, therefore, impact the application of CAFA jurisdiction to both "mass actions" and "class actions" alike, and thus will have a direct bearing on this case.

      Petitioners have argued in their Petition that this action would succeed under both the claim-by-claim and whole case approach, because injunctive relief here is unavailable to the state and the only real claim for relief under WVAA is a damages claim. Petition, ECF No. 2, at 14-17 (noting that the only valid claim for relief sought by Respondent under WVAA is one for treble damages). The Supreme Court's resolution of *AU Optronics* nonetheless will be instructive regarding whether the Petition here should be granted and on the ultimate CAFA question at the heart of the jurisdictional dispute in this action.

As noted, in granting *certiorari* in *AU Optronics*, the Supreme Court also effectively stayed consideration of a petition for *certiorari* seeking review of this Court's decision in *AU Optronics II*. This is particularly important because the district court specifically relied on *AU Optronics II* in reaching its decision to remand this case back to state court. *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, No. 3:13-2546, 2013 U.S. Dist. LEXIS 69567, at *43 (S.D.W. Va. May 13, 2013); *see also* Petition, at 15. Citing this Court's adoption of the "whole case" approach in *AU Optronics II*, the district court brushed aside the holding in *West Virginia ex rel. McGraw v. Comcast Corp.*, where a district court applying the "claim by claim" approach concluded that a purported *parens patriae* action brought by the Attorney General pursuant to WVAA, the same statute at issue in this case, was a disguised class action removable pursuant to CAFA. 705 F. Supp. 2d 441, 449-50 (E.D. Pa. 2010).

### III. AN ABEYANCE PENDING THE SUPREME COURT'S DECISION WILL PREVENT SUBSTANTIAL PREJUDICE TO PETITIONERS, CAUSE NO HARM TO RESPONDENT, AND SERVE THE PUBLIC INTEREST

Here, several factors weigh in favor of granting an abeyance of this Court's decision on the Petition for Permission to Appeal pending resolution of *AU Optronics* by the Supreme Court. Granting an abeyance will prejudice neither of the parties to this action. In fact, an abeyance will benefit both sides by ensuring that resources are not wasted on needlessly briefing an issue the Supreme Court is

8

likely to decide. Conversely, Petitioners will suffer substantial prejudice if an abeyance is denied.

*First*, denial of the abeyance would cause Petitioners injury. An abeyance would prevent unnecessary litigation in this Court, as well as in the district court and the Circuit Court of Mason County, Virginia. If this Court declines to hold this case in abeyance, Petitioners could be forced to litigate unnecessarily in state court while the question of federal jurisdiction remains unsettled pending a ruling from the Supreme Court. The cost and expense of this duplicative litigation is wholly unnecessary, particularly given that this action is nothing more than a copycat lawsuit alleging the same anticompetitive conduct based on virtually identical factual allegations as 26 other class action lawsuits currently consolidated in a federal multidistrict litigation before Judge Peter G. Sheridan in the District of New Jersey ("MDL").[1] *See, e.g.*, *Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289, 291 (7th Cir. 2010) (noting that "pressures on [a defendant] to settle" and of "filing preclusion defenses against duplicative class actions in other states" amounts to "irreparable" harm) (internal quotations marks omitted), *vacated on*

---

[1] *See In re Lipitor Antitrust Litig.*, MDL No. 2332, No. 3:12-cv-2389 (D.N.J). The AG's Complaint is virtually identical to thirty other class or opt-out actions against Petitioners consolidated in the MDL, including a class action alleging a violation of WVAA. *In re Lipitor Antitrust Litig.*, MDL No. 2332, No. 3:12-cv-2389 (D.N.J.); Compl. ¶¶ 439(s), 455(u), 471(u), *In re Lipitor Antitrust Litig.*, MDL No. 2332, No. 3:12-cv-2389 (D.N.J. Sept. 10, 2012), ECF No. 150.

9

*other grounds by* 131 S. Ct. 3060 (2011), *on remand*, 678 F.3d 546, 550 (7th Cir. 2012) (reaffirming same).

*Second*, the Attorney General will suffer no harm from the requested abeyance. According to the Attorney General's complaint, the alleged conspiracy ended on November 30, 2011. As a result, no prospective or injunctive relief is currently available and only damages and civil penalties are at issue. The MDL involves issues identical to those raised in the Attorney General's complaint and the putative class members there include the very same West Virginia citizens as the Attorney General purports to represent here. This case may be in its infancy, but discovery is proceeding in the MDL, so there is no danger that evidence will be lost. Nor is there any concern that an abeyance will delay proceedings. Petitioners have offered to provide the Attorney General documents already produced by Petitioners in ongoing discovery in the MDL during the pendency of the abeyance.

*Third*, the public interest strongly favors that this case be held in abeyance because the public has an interest in conserving the limited resources of both the federal and state courts. The resources of the parties and the Court could be wasted if briefing and consideration of the Petition moves forward before the Supreme Court provides guidance in *AU Optronics*.

Further, an abeyance would prevent the state court from expending its scarce resources adjudicating this action before the Supreme Court has had an opportunity

10

to speak on the standard upon which the ultimate question of CAFA jurisdiction in this case will be decided. *See* S. Rep. No. 109-14 at 13 (2005) (noting that significant factor behind CAFA was the recognition that litigating these actions in state court was "stretching the resources" of those courts). Proceeding with this case would waste the state court's limited resources if federal jurisdiction ultimately is found to exist under the standard adopted by the Supreme Court.

The public also has a strong interest in ensuring that the acts of Congress be given full effect. Congress's "primary objective [in passing CAFA was]: ensuring [f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co.*, 133 S. Ct. 1345, 1350 (2013) (internal quotations omitted). A stay pending further guidance from the Supreme Court in *AU Optronics* would help to restore the balance Congress sought to achieve.

## **CONCLUSION**

For the forgoing reasons, Petitioners respectfully request that this Court hold in abeyance its decision on Petitioners' Petition for Permission to Appeal pending the Supreme Court's decision in *AU Optronics*. Petitioners have consulted with

counsel for Respondent, who declined to consent to the requested abeyance.

Dated: June 5, 2013                                     Respectfully Submitted,


                    (w/permission by
 /s/ David A. Barnette    Paula L. Durst)          /s/ Paula L. Durst
David Allen Barnette (WV Bar No. 242)     Paula L. Durst (WV Bar No. 5805)
**Jackson Kelly PLLC**                                        Bruce M. Jacobs (WV Bar No. 6333)
500 Lee Street East, Suite 1600 (25301)      **Spilman Thomas & Battle, PLLC**
P.O. Box 553                                                         300 Kanawha Boulevard, East (25301)
Charleston, WV 25322                                       Post Office Box 273,
304.340.1327/304.340.1380 (*facsimile*)     Charleston, WV 25321
dbarnette@jacksonkelly.com                         pdurst@spilmanlaw.com
                                                     bjacobs@spilmanlaw.com
*Counsel for Defendants-Petitioners*           304.340.3834/ 304.340.3801 (*facsimile*)
*Ranbaxy Pharmaceuticals, Inc.,*
*Ranbaxy Laboratories Limited, and*           *Counsel for Defendants-Petitioners*
*Ranbaxy Inc.*                                                       *Pfizer Inc., Pfizer Ireland*
                                                       *Pharmaceuticals, Warner-Lambert*
                                                       *Company, and Warner-Lambert*
                                                       *Company LLC*

# CERTIFICATE OF SERVICE

I certify that on June 5, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to the following CM/ECF participants:

Frederick S. Longer
**Levin, Fishbein, Sedran, and Berman**
510 Walnut St., Suite 500
Philadelphia, PA 19106
flonger@lfsblaw.com

Troy N. Giatras
**The Giatras Law Firm, PLLC**
118 Capitol Street, Suite 400
Charleston, WV 25301
troy@thewvlawfirm.com

*Counsel for Plaintiff-Respondent*

David Allen Barnette
**Jackson Kelly PLLC**
500 Lee Street East, Suite 1600 (25301)
P.O. Box 553
Charleston, WV 25322
dbarnette@jacksonkelly.com

Karen N. Walker
Jonathan D. Janow
**Kirkland & Ellis LLP**
655 15th St. NW, Suite 1200
Washington, DC 20005
kwalker@kirkland.com
jonathan.janow@kirkland.com

*Counsel for Defendants-Petitioners Ranbaxy Pharmaceuticals, Inc., Ranbaxy Laboratories Limited, and Ranbaxy Inc.*

I hereby certify that I have served the foregoing document by placing a true copy in the United States mail, postage prepaid addressed as follows to the following non-CM/ECF participant:

Daniel W. Greear
**Office of the WV Attorney General**
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
*Counsel for Plaintiff-Respondent*

                                                                 /s/ Paula L. Durst_____
                                              Paula L. Durst (WV Bar No. 5805)
                                              **SPILMAN THOMAS & BATTLE, PLLC**
                                              PO Box 273
                                              Charleston, WV 25321
                                              304.340.3834/304.340.3801 (facsimile)

pdurst@spilmanlaw.com
*Counsel for Defendants-Petitioners Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, and Warner-Lambert Company LLC*

14