NO. 13-255

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

STATE OF WEST VIRGINIA, EX REL. PATRICK MORRISEY,
ATTORNEY GENERAL,

*Plaintiff-Respondent,*

v.

PFIZER INC., PFIZER IRELAND PHARMACEUTICALS, WARNER-
LAMBERT COMPANY, WARNER-LAMBERT COMPANY, LLC, RANBAXY
INC., RANBAXY PHARMACEUTICALS, INC., AND RANBAXY
LABORATORIES LIMITED,

*Defendants-Petitioners.*

From the United States District Court for the Southern District of West Virginia,
Huntington Division, Case No. 3:13-cv-02546, District Judge Robert C. Chambers

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANTS' PETITION
FOR PERMISSION TO APPEAL UNDER 28 U.S.C. §1453(c)**

Daniel W. Greear
Chief Counsel
Elbert Lin
Solicitor General
OFFICE OF ATTORNEY GENERAL
Building 1, Room 26-E
Capitol Complex
Charleston, WV 25305
304-558-2021 (phone)

*Counsel for Patrick Morrisey,*
*Attorney General for the State of*
*West Virginia*

Troy N. Giatras
Special Assistant Attorney General
THE GIATRAS LAW FIRM, PLLC
118 Capitol Street, Suite 400
Charleston, WV 2301
304-343-2900 (phone)

Frederick S. Longer
Special Assistant Attorney General
LEVIN, FISHBEIN, SEDRAN&BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................ii

PRELIMINARY STATEMENT.......................................................1

STATEMENT OF FACTS.................................................................2

ARGUMENTS.....................................................................................5

    A.  THIS COURT LACKS JURISDICTION UNDER 28 U.S.C.
        § 1447(d) TO REVIEW THE DISTRICT'S COURT 'S
        DETERMINATION THAT FEDERAL QUESTION
        JURISDICTION DOES NOT EXIST...................................................5

    B.  THIS COURT LACKS JURISDICTION UNDER 28 U.S.C.
        1453(c) TO REVIEW THE DISTRICT COURT'S
        DETERMINATION THAT CAFA JURISDICTION DOES
        NOT EXIST…………………………………………..........................6

            1.  Appellate Review Based Upon 28 U.S.C. §1453(c) is
               Limited to Class Actions but This Case is Not a Class
               Action…………...........................................................................6

            2.  There is No Important or Unsettled CAFA Related
               Question That Was Incorrectly Decided By the
               District Court.........................................................................11

            3.  This Court Has Been Divested of Jurisdiction
               By the Remand……………………………..........................13

CONCLUSION...................................................................................15

CERTIFICATE OF SERVICE............................................................17

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page**

*AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 393
    (4th Cir. 2012)…………………………………………………… …11, 12

*BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034
    (10 Cir. 2010)………………………………………………….…..11

*Byran v. BellSouth Communications, Inc.*, 492 F.3d 231, 235 n.1
    (4th Cir. 2007)…………………………………………………...13, 14

*College of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins.*,
    585 F.3d 33. 38-39 (1st Cir. 2009)…………………………….…11

*Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008)………………….…..15

*Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636
    (1st Cir.1979) (per curiam)…………………………………………....14

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1,
    21 n. 22 (1983)…………………………………………………………...15

*Gunn v. Minton*, 2013 WL 610193, *6 (U.S. Feb. 20, 2013)……..…………….4

*In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969)…………15

*In re Lowe*, 102 F. 3d 731, 734– 36 (4th Cir. 1996)…………………………..14,.15

*LG Display Co., Ltd. v. Madigan*, 665 F.3d 768, 770-71
    (7th Cir. 2011)…………….....................................................7, 10, 11, 12

*New Orleans Pub. Serv., Inc. v. Majoue*, 802  F.2d 166, 167
    (5th Cir.1986) (per curiam)………………………………….…………..14

*Palmer v. City Nat. Bank of West Virginia,* 498 F. 3d 236, 240
    (4th Cir. 2007)…………………………………………………………….6

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
741 F.2d 273, 279 n. 3 (9th Cir.1984)...........................................14

*Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 90, 183 L. Ed. 2d 730
(2012)....................................................................................12

*Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)...................5

*Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115
(4th Cir.1979)............................................................................14

*Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848-49
(9th Cir. 2011)..........................................................................12

*West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F.Supp.2d 441
(E.D.Pa. 2010)......................................................................9,10

*West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169
(4th Cir. 2011), *cert. denied*, 132 S. Ct. 761
(U.S. Nov. 28, 2011)..............................................1, 2, 7-10, 12

## STATUTES AND RULES

28 U.S.C. §1332(d)(1)(B)..............................................................1, 4, 7

28 U.S.C. § 1332(d)(2)(A)..................................................................1

28 U.S.C. § 1338..............................................................................1

28 U.S.C. § 1338(a)..........................................................................4

28 U.S.C. §1447(d).......................................................................1, 2, 5, 7

28 U.S.C. § 1453(c)................................................................passim

28 U.S.C. §1453(c)(1)......................................................................2,7

Federal Rule of Civil Procedure 23..............................................7, 8, 9

West Virginia Rule of Civil Procedure 23............................................8

## OTHER AUTHORITIES

West Virginia Code § 47-18-17……………………………………….…..9

West Virginia Antitrust Act, §47-18-1 et seq. ……………………….…......2, 9, 10

West Virginia Consumer Credit Protection Act, §46A-1-101 et seq.,
    § 46A-7-101 et seq. ……………………….…………………………..…..…2

14C C. Wright, A. Miller, E. Cooper, Federal Practice & Proc. § 3739,
    at 902-06 (2009)…………………………………………………………14

## I.     PRELIMINARY STATEMENT

Plaintiff, Patrick Morrisey, Attorney General for the State of West Virginia, opposes the Petition for Permission to Appeal under 28 U.S.C. §1453(c) of Defendants Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner Lambert Company, and Warner-Lambert Company LLC (collectively "Pfizer") and Ranbaxy Pharmaceuticals, Inc., Ranbaxy Laboratories Limited, and Ranbaxy, Inc. (collectively "Ranbaxy"). These defendants improperly removed this case from the Circuit Court of Mason County, West Virginia on two grounds: 1) that the underlying claims presented a substantial question of federal patent law, 28 U.S.C. 1338, and 2) that the *parens patriae* complaint filed by the Attorney General was a "disguised class action" under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2)(A), even though the complaint bears none of the allegations *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*[1] considers to be prerequisites to a class action.[2]

It is well established that remand orders generally are not reviewable on appeal. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *Id.*

---

[1] *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 761 (U.S. Nov. 28, 2011).
[2] *See* 28 U.S.C. §1332(d)(1)(B).

1

§ 1447(d)(1). This bar applies in most instances, when a remand order is based on a defect in removal procedure or a lack of subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Recognizing this limitation, Defendants attempt to shoe-horn this appeal into the narrow exception under 28 U.S.C. § 1453 for CAFA-related appeals. Defendants try to squeeze the district court order into the jurisdictional language of "granting or denying a motion to remand a <u>class action</u>." 28 U.S.C. § 1453(c)(1). But the shoe doesn't fit. Under this Court's controlling decision in *CVS Pharmacy*, the District Court correctly held that this *parens patriae* action is *not* a class action. Thus, by its plain terms, § 1453 has no application here.

The petition for permission to appeal should be denied.

## II.  <u>STATEMENT OF FACTS</u>

This litigation seeks damages and injunctive relief for the delayed entry of generic versions of Lipitor (atorvastatin calcium)[3] under the West Virginia Antitrust Act, §47-18-1 et seq. ("WVAA"), and the West Virginia Consumer Credit Protection Act, §46A-1-101 et seq., § 46A-7-101 et seq. ("WVCCPA").

---

[3] Lipitor (atorvastatin calcium) belongs to a class of drugs called statins and is used to lower cholesterol. High cholesterol is associated with and increased risk of coronary artery disease and atherosclerosis – two of the leading causes of death in the United States.

2

Although the original compound patent for Lipitor expired on March 24, 2010, generic versions of Lipitor remained foreclosed from the market until the end of November 2011. The generic manufacturers remained foreclosed from the market since Pfizer successfully implemented an unlawful plan to delay generic entry by (i) obtaining through fraud a follow-on patent for Lipitor, (ii) listing that patent in the FDA Orange Book in order to block generic entry, (iii) filing litigation on this follow-on patent and other process patents known to have no merit, and (iv) ultimately turning to the first potential generic entrant, Ranbaxy, Inc. ("Ranbaxy"), and reaching a deal with it to delay entry into, and allocate the market for, atorvastatin. Defendants thereby delayed access to less expensive generic alternatives, which resulted in both the State of West Virginia and its citizens overpaying for Lipitor.

On January 2, 2013, the Attorney General filed this action in the Circuit Court of Mason County, West Virginia on behalf of the State, its political subdivisions and public agencies and Medicaid programs, as purchasers of Lipitor against Pfizer and Ranbaxy. From March 24, 2010, to the present, Plaintiff purchased Lipitor and was injured by Defendants' anticompetitive conduct. Plaintiff brought this action in his *parens patriae* capacity on behalf of natural persons residing in West Virginia who purchased Lipitor during the same time

period. Nowhere in the complaint is there any assertion that the Attorney General was acting as a class representative for purposes of a class action.[4]

On February 13, 2013, Defendants filed a notice of removal. Defendants' principal basis for removal was that Plaintiffs' claims raise a substantial question of federal patent law such that the well-pleaded complaint doctrine could be avoided. Only a week after Defendants removed this action, however, the United States Supreme Court eliminated their primary justification for removal by ruling, in the context of a legal malpractice action, that state law "claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of §1338(a)." *Gunn v. Minton*, 2013 WL 610193, *6 (U.S. Feb. 20, 2013).

Defendants secondary argument in the district court (but their principal argument here) was that this *parens patriae* action is actually a disguised "class action" that is removable under CAFA. But that argument has already been rejected by this and other circuit courts, and thoroughly discredited by the district

---

[4]The defendants erroneously contend that the Attorney General's complaint is "virtually identical" to those class action complaints filed in *In re Lipitor Antitrust Litigation*, MDL No. 2332 (D.N.J.), with only "minor and mostly cosmetic" differences between them. Def. Petition at 1 n.2. There are no allegations "under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

4

court.    As such, there is no important and unsettled CAFA-related question presented by this appeal.    The appeal should be dismissed and the sovereignty of the Circuit Court of Mason County's jurisdiction should be observed and maintained.

## III.    ARGUMENT

### A.    THIS COURT LACKS JURISDICTION UNDER 28 U.S.C. § 1447(d) TO REVIEW THE DISTRICT COURT'S DETERMINATION THAT FEDERAL QUESTION JURISDICTION DOES NOT EXIST

Defendants ask this Court to "exercise its discretion to hear [their] federal question basis for jurisdiction."  Def. Petition at 17.  But the law is clear: Section 1447(d) requires that no appellate review may be afforded to a remand order based on the district court's determination that it lacks subject matter jurisdiction.  *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336 (1976).  Defendants are asking for exactly that.    They challenge the district court's conclusion that no substantial questions of patent or other federal law are presented by the Attorney General's complaint and that "the claims do not arise under federal law."    *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, Civ.No. 3:13-2546, Memorandum Opinion and Order at 19 (S.D.W.Va. May 13, 2013), ECF No. 36.  Under § 1447(d), this finding of a lack of federal question jurisdiction is simply unreviewable.

5

Defendants seem to suggest that the matter of federal question jurisdiction can be heard by this Court on a pendant basis together with the alleged CAFA question    under § 1453. That suggestion fails for two reasons. *First*, as discussed below, CAFA jurisdiction is lacking here, too. *Second*, even if there was a reviewable CAFA question, Defendants offer no authority for this Court to extend appellate review to matters beyond CAFA-related questions. In fact, case law in this Court suggests the contrary. The bar on reviewing a remand order based on subject matter jurisdiction is so strict that it ordinarily extends *also* to other issues in the order. *See Palmer v. City Nat. Bank, of West Virginia*, 498 F.3d 236, 240 (4th Cir. 2007) (noting the limited exception for issues "that (1) have a preclusive effect upon the parties in subsequent proceedings and (2) are severable, both logically and factually, from the remand order itself").

**B.    THIS COURT LACKS JURISDICTION UNDER 28 U.S.C. § 1453(c) TO REVIEW THE DISTRICT COURT'S DETERMINATION THAT CAFA JURISDICTION DOES NOT EXIST.**

**1.    APPELLATE REVIEW BASED UPON 28 U.S.C. §1453 (c) IS LIMITED TO CLASS ACTIONS BUT THIS CASE IS NOT A CLASS ACTION**

This Court lacks jurisdiction under 28 U.S.C. § 1453(c) because, as the District Court correctly concluded, this *parens patriae* action is not a "class action"

within the meaning of the statute. Section 1453(c)(1) states: "Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order." 28 U.S.C. §1453(c)(1). The critical factor is that the appeal must involve an order "granting or denying a motion to remand a *class action*." *Id.* (emphasis added). Where a district court has correctly concluded that a case does not involve a class action, the appeals court must deny a petition to appeal for lack of jurisdiction. *See LG Display Co. v. Madigan*, 665 F.3d 768, 770 (7th Cir. 2011) (agreeing with the district court that the case was *not* "a disguised class action or mass action" and finding that "the proper course is to deny the petition for lack of jurisdiction").

For the purpose of § 1453(c), a "class action" means "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). In *CVS Pharmacy*, this Court interpreted this provision, finding that the civil action at issue was not a class action because it "was not brought under Federal Rule of

7

Civil Procedure 23, nor under West Virginia's corresponding rule, West Virginia Rule of Civil Procedure 23," or a similar State statute. This Court explained the underlying state statutes were not "similar" because they did not "include[] provisions providing for a typical class action, such as provisions addressing the adequacy of representation, numerosity, commonality, and typicality requirements." *CVS*, 646 F.3d at 172. In that case, "[t]he Attorney General's claim on behalf of the State … d[id] not require the State to be a member of the class, to suffer the same injury as class members, or to have a claim typical of each class member's claim." *Id.* at 176. Instead, "in representing the citizens, the State acts more in the capacity of trustee representing beneficiaries or a lawyer representing clients, neither of which is the type of representation essential to the representational aspect of a class action." *Id.* at 176-177.

As the District Court concluded below, the Attorney General's *parens patriae* complaint here—like the action at issue in *CVS Pharmacy*—does not meet the definition for "class action." *See West Virginia ex rel. Morrisey v. Pfizer, Inc.*, Civ.No. 3:13-2546, Memorandum Opinion and Order at 22-23. This case was not brought under Federal Rule of Civil Procedure 23 or West Virginia Rule of Civil Procedure 23. Nor does the complaint include any of the language or terms associated with a class action. *See CVS Pharmacy,* 646 F.3d at 172. For example,

8

the Attorney General does not allege that this is a representative action, nor does he allege he is a member of the class or that his claims are common or typical of any class members. So far as the State is pursuing claims on behalf of West Virginia citizens, it is acting more in the capacity of a trustee or a lawyer representing clients.

Moreover, like the statutes before the Court in *CVS Pharmacy*, the antitrust and consumer protection statutes at issue in this litigation are not "similar" enough to Federal Rule of Civil Procedure 23. Defendants point out that the WVAA provides certain procedural protections that resemble those required by Rule 23. *Compare* W. Va. Code § 47-18-17(b), (c), (e), *with* Fed. R. Civ. P. 23(c)(2), (e). But as the District Court noted, the WVAA contains no provisions similar to Rule 23's other requirements of "numerosity, commonality, typicality, and adequacy of representation," which this Court singled out in *CVS Pharmacy* as critically important. 646 F.3d at 174 (*citing* Fed. R. Civ. P. 23(a)). The statutes at issue do not require the State to be a member of the class, to suffer the same injury as class members, or to have a claim typical of each class member's claim.

Defendants make much of the holding in *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp.2d 441 (E.D. Pa. 2010), but the District Court was correct to reject it. Def. Petition at 7. Defendants note that the *Comcast* court

relied on procedural safeguards in the WVAA (*i.e.,* notice, opt-out rights, and adequacy of representation) to determine that the WVAA was sufficiently similar to federal Rule 23 for purposes of CAFA. *See Comcast*, 705 F.Supp.2d at 452-53. But as the District Court noted, *Comcast* "was decided before *CVS Pharmacy*," and this Court in *CVS Pharmacy* "directly considered and declined to follow *Comcast*." *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, Civ.No. 3:13-2546, Memorandum Opinion and Order at 23. A statute must include more than just "similar" procedural safeguards to be sufficiently similar to federal Rule 23. *See CVS Pharmacy, Inc.*, 646 F.3d at 172 (such state statues and rules must be analyzed to determine whether they have provisions addressing the adequacy of representation, numerosity, commonality, and typicality); *see also LG Display Co., Ltd. v. Madigan*, 665 F.3d 768, 771-72 (7th Cir. 2011) (finding that an Attorney General's case was brought as a *parens patriae* suit under the IAA, which does not impose any of the familiar Rule 23 constraints.)

Defendants' assertion that the Attorney General is not the real party in interest similarly fails. That argument, too, relies on *Comcast*. But as the District Court correctly recognized, the court in *Comcast* applied a claim-by-claim analysis of the complaint that has not been accepted this Court. See *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, Civ.No. 3:13-2546, Memorandum Opinion and Order at

10

23. *See also AU Optronics Corp.*, 699 F.3d at 394.

Accordingly, the foundation for requesting permission to appeal the district court's order under 28 U.S.C. §1453 – that the order must address a class action – has not been established. For this reason, this Court lacks jurisdiction to review the remand order.

## 2. THERE IS NO IMPORTANT OR UNSETTLED CAFA RELATED QUESTION THAT WAS INCORRECTLY DECIDED BY THE DISTRICT COURT

Defendants contend that, beyond the plain textual requirements of § 1453(c), courts of appeals will also take an appeal simply because it raises an important or unsettled CAFA-related question. Def. Petition at 6. That contention is unavailing for at least two reasons. *First*, this Court has not expressly adopted these other factors for accepting an appeal under § 1453. *Compare* Def. Petition at 6, *citing BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034 (10th Cir. 2010); *College of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins.*, 585 F.3d 33. 38-39 (1st Cir. 2009) *with AU Optronics*, 699 F.3d at 390 (deferring ruling on defendant's petition for permission to appeal pending full briefing and argument). *Second*, even assuming this Court would accept the considerations proposed by Defendants, this case is not the sort of "limited occasion[]" that warrants an immediate appeal. *LG Display*, 665 F.3d at 770.

11

Contrary to Defendants' assertions, no unsettled question of law is presented by this appeal. The district court's holding that this *parens partriae* case is not a class action merely follows well-established precedent in this Court and other courts of appeals. As discussed above, the reasoning in *CVS Pharmacy* squarely decides this case. And that reasoning has been followed by numerous other circuit courts. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848-49 (9th Cir. 2011) ("In reaching the conclusion that *parens patriae* lawsuits are not class actions within the meaning of CAFA, we join the Fourth Circuit—the only other circuit court to have squarely considered the question."); *LG Display Co., Ltd. v. Madigan*, 665 F.3d 768, 770-71 (7th Cir. 2011) (joining the Fourth and Ninth Circuits to find that *parens patriae* cases are not class actions and denying petition to appeal); *see also AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 393 (4th Cir. 2012) (recognizing that *parens patriae* action did not meet minimal diversity requirement), *cert. pending*, Dkt No. 12-911(U.S).

Defendants suggest that the Supreme Court's recent decision in *Standard Fire Ins. Co. v. Knowles* has changed the law, but they overstate the import of that case. In that case, the Supreme Court held that a damages stipulation of a class-action plaintiff cannot dodge CAFA jurisdiction. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 90, 183 L. Ed. 2d 730 (2012). That determination has no

bearing whatsoever on the meaning of the statutory phrase "class action" for purposes of CAFA.

### 3. <u>This Court Has Been Divested of Jurisdiction By the Remand.</u>

A final reason to deny the petition is that the remand has already occurred. This action was remanded to the Circuit Court in Mason County, and the case file now resides in that clerk's files in Point Pleasant, West Virginia. Because Defendants did not move for a stay, the remand became effective upon the district court's determination that it lacked jurisdiction. *State of West Virginia v. Pfizer, Inc.*, Civ.No. 3:13-2546 (S.D.W.Va. May 13, 2013), ECF No. 36. That decision was then rendered conclusive upon the clerk mailing a certified copy of the docket and district court opinion and order to the clerk in Mason County. *State of West Virginia v. Pfizer, Inc.*, Civ.No. 3:13-2546 (S.D.W.Va. May 14, 2013), ECF No. 37.[5] *See Byran v. BellSouth Communications, Inc.*, 492 F.3d 231, 235 n.1 (4th Cir. 2007) ("A remand is effective when the district court mails a certified copy of the remand order to the state court, or, if the remand is based on the lack of subject-matter jurisdiction or a defect in the removal process, when the remand order is

---

[5]The Clerk of the Circuit Court in Mason County confirmed receipt of the certified copy of the docket and district court opinion and order on May 14, 2013 and the case is on the active docket. *See* ACKNOWLEDGMENT OF RECEIPT OF LETTER to Bill Withers, Clerk, from Marsha Wilson, Deputy, dated 5/14/2013, received on 05/15/2013, *State of West Virginia v. Pfizer, Inc.*, Civ. No. 3:13-2546 (S.D.W.Va. May 31, 2013), ECF No. 40.

13

entered."); *In re Lowe*, 102 F. 3d 731, 734– 36 (4th Cir. 1996)("we hold that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered."); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir.1979)(entry of order of remand divests district court of all jurisdiction).[6]

Defendants made no effort to preserve their appellate rights. Following the district court's order, Defendants made no effort to stay the implementation of the remand order or to stay the clerk from issuing its May 12, 2013 letter to the Clerk of the Circuit Court of Mason County. As a consequence, the action was remanded back to its original state court forum and it is now beyond this Court's ability to review the matter. *See Byran*, 492 F.3d at 235 n.1 (noting the defendant's belated effort to stay the remand resulted in the remand becoming effective). Even if § 1453(c) applies, nothing in the statute suggests that the ten-day period provided under the statute guarantees a right to appeal after the remand becomes effective. The ordinary rule is that, absent a stay, a judgment takes full force and effect. *See Guinness PLC v. Ward*, 955 F.2d 875, 898 (4th Cir. 1992).

---

[6] Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. *See New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986) (per curiam); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979) (per curiam); 14C C. Wright, A. Miller, E. Cooper, Federal Practice & Proc. § 3739, at 902-06 (2009).

14

*But see Estate of Pew v. Cardarelli*, 527 F.3d 25, 28 (2d Cir. 2008).

To permit this appeal to continue would upset the limited jurisdiction granted to federal courts, especially in context of removal. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 21 n. 22 (1983) ("considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it."). "Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed"; for this reason, in deciding whether to remand, "[t]he district court has one shot, right or wrong." *In re Lowe*, 102 F.3d at 735, quoting, *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1ˢᵗ Cir. 1969).

## IV.   CONCLUSION

For the foregoing reasons, the Petition for Permission to appeal should be refused and this appeal should be dismissed.

Dated: June 6, 2013

Respectfully submitted,

/s/ Daniel W. Greear
Daniel W. Greear, Esquire
Chief Counsel
Elbert Lin, Esquire
Solicitor General
OFFICE OF ATTORNEY GENERAL
Building 1, Room 26-E
Capitol Complex
Charleston, WV 25305
304-558-2021 (phone)

/s/ Troy N. Giatras
Troy N. Giatras, Esquire
Special Assistant Attorney General
THE GIATRAS LAW FIRM, PLLC
118 Capitol Street, Suite 400
Charleston, WV 25301
304-343-2900 (phone)
304-343-2942 (fax)

/s/ Fred S. Longer
Fred S. Longer, Esquire
Special Assistant Attorney General
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Flonger@lfsblaw.com

*Counsel for Patrick Morrisey*
*Attorney General for the State of*
*West Virginia*

16

## CERTIFICATE OF SERVICE

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 6th day of June, 2013, electronically filed the foregoing document with the Office of the Clerk using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Bruce M. Jacobs, Esquire
Paula L. Durst, Esquire
*Spilman Thomas & Battle, PLLC*
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273
E-mail: bjacobs@spilmanlaw.com
E-mail: pdurst@spilmanlaw.com

David Allen Barnette, Esquire
*Jackson Kelly PLLC*
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25322
E-mail: dbarnette@jacksonkelly.com

Jonathan D. Janow, Esquire
Karen Walker, Esquire
*Kirkland & Ellis, LLP*
655 15th Street, NW, Suite 1200
Washington, DC 20005
E-mail: jonathan.janow@kirkland.com
E-mail: kwalker@kirkland.com


  /s/ Troy N. Giatras
Counsel for Plaintiff/Respondent

17